**CAI YUN WU, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

No. 08–3051–ag.

United States Court of Appeals, Second Circuit.

April 14, 2009.

Nan Shen, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Susan Houser, Senior Litigation Counsel, Francis W. Fraser, Senior Litigation Counsel, Office of Immigration Litigation, United States De-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), current Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

74

partment of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Cai Yun Wu, a native and citizen of the People's Republic of China, petitions for review of a May 20, 2008 order of the BIA affirming the November 27, 2006 decision of Immigration Judge ("IJ") Patricia A. Rohan denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Cai Yun Wu*, No. A 200 115 826 (B.I.A. May 20, 2008), *aff'g* No. A 200 115 826 (Immig. Ct. N.Y. City Nov. 27, 2006).

Where, as here, the BIA adopts and supplements the IJ's decision, we review the IJ's decision as supplemented by that of the BIA, *see Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005), deferring to agency fact-findings, including adverse-credibility determinations, that are supported by substantial evidence, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir.2008). In conducting our review, we assume the parties' familiarity with the facts and procedural history of this case.

While Wu contests the agency's adverse-credibility determination, she does not challenge the IJ's findings regarding her hesitant and uncertain demeanor, and inconsistent accounts regarding, *inter alia,* the circumstances under which Chinese authorities searched her store and the extent of her involvement with the Catholic Church. Any challenge to these findings is therefore waived. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008). Rather, Wu contends that the agency erred because it failed to explain why it found her testimony insufficiently detailed, and did not attempt to elicit from her details that could fill the relevant testimonial gap.

We are not persuaded. The IJ did, in fact, explain why Wu's testimony lacked "specific credible detail," *In re Cai Yun Wu*, A 200 115 826 (Immig. Ct. N.Y. City Nov. 27, 2006), at 7: although Wu claimed to have sold Falun Gong materials in secret "over a fairly substantial period of one year," she "offered little in terms of the details of this effort," *id.* at 8. Given that record-supported characterization, the IJ was entitled to "find detailed testimony more convincing than vague testimony," *Shunfu Li v. Mukasey*, 529 F.3d at 147, because the government specifically asked Wu about her ability to obtain and sell Falun Gong materials through her store, *see id.* (observing that testimonial-vagueness finding, on its own, cannot support adverse-credibility determination "unless *government counsel* or the IJ first attempts to solicit more detail from the alien" (emphasis added)). That lack-of-specificity finding thus further bolstered the evidence already substantially supporting the IJ's adverse-credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d at 165.

Because Wu's application for asylum, withholding of removal, and CAT relief depended on the credibility of her testimony, the IJ's adverse-credibility finding necessarily foreclosed the availability of those forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Any pending motion for a stay of removal in this petition is DISMISSED as moot and any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate

Procedure 34(a)(2) and Second Circuit Local Rule 34(b).